UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.: 9:17-cv-81103

DAVID THOMPSON,

Plaintiff,

v.

EQUIFAX INFORMATION SERVICES, LLC,

Defendant(s).

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**INTRODUCTION**

1. COMES NOW, David Thompson ("Plaintiff"), and brings this Complaint and Demand for Jury Trial ("Complaint") against Defendant Equifax Information Services, LLC. ("Defendant") for violations of The Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*., and its agents for its illegal reporting on Plaintiff's credit report.

**JURISDICTION & VENUE**

2. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1681.

3. Pursuant to 15 U.S.C. § 1681(m)(2), as the acts and transactions giving rise to Plaintiff's action occurred in this district, Plaintiff resides in this district, and Defendant transacts business in this district.

## PARTIES

4. Plaintiff is a natural person allegedly obligated to pay a debt, and a citizen of the United States of America who presently resides in Palm Beach County, Florida.

5. Plaintiff is a “consumer” as defined by 15 U.S.C. § 1693a(5) and 12 C.F.R. § 205.1(e).

6. In the ordinary course of business, regularly, Defendant is a *credit reporting agency*, as defined in 15 U.SC 1681a(f). On information and belief, Defendant is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing *consumer reports*, as defined in 15 USC 1681a(d), to third parties.

7. Defendant’s principal address is 1550 Peachtree Street, NW, Atlanta Georgia, 30309, and can be served through its registered agent, Corporation Service Company located at 1201 Hays Street, Tallahassee, Florida 32301.

8. Upon information and belief, Defendant disburses the consumer reports to third parties under contract for monetary compensation.

9. Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. In or around April of 2014, Plaintiff entered into a settlement agreement with Arona Corporation d/b/a Aaron’s, Inc.

11. On or about April, 2017 Plaintiff noticed that the Aaron account was once again being reported with a negative impact to his credit score.

12. On June 19, 2017, in an effort to correct the inaccurate information, Plaintiff sent dispute letters to the credit bureaus Experian, Equifax and Trans Union.

13. T he dispute letters explained that a settlement agreement had been reached with Aaron's and that no money was owed.

14. Plaintiff received a letter from Trans Union dated June 23, 2017 requesting that he verify his identity by furnishing certain personal information.

15. Plaintiff also received response from Equifax via a letter dated June 28, 2017 requesting identity verification

16. Plaintiff furnished documentation verifying his identity even though the dispute letters included his full Social Security Number, his date of birth and his current address.

17. On August 22, 2017, Plaintiff pulled his credit report to confirm that his dispute had been resolved in a satisfactory manner.

18. Much to Plaintiff's surprise, Equifax was still reporting the Aaron;s account as a "Charged Off Account".

19. By reporting the account as a Charge off with a remaining balance, the Defendant mislead prospective lenders to believe that there is a collectable balance owed on the account.

20. Plaintiff has been working hard to improve his credit score and the inaccurate reporting by Aarons is keeping his score lower than it should be.

21. The months of credit disputes and the continued inaccurate reporting on Plaintiff's credit report have caused Plaintiff severe emotional distress and mental anguish.

22. According to Equifax's website a charge off account is harmful to a consumer's credit score.

**FIRST CAUSE OF ACTION**

**Violations of the FCRA, 15 U.S.C. § 1681 et seq.**

23. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-22.

24. The FCRA provides that if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly of such dispute, the agency shall conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate, or delete the item from the file within thirty (30) days of receiving the consumer's dispute notice. 15 U.S.C. § 1681i(a)(2)(A).

25. The Act further requires the credit reporting agency, within 5 business days of receiving notice of the consumer's dispute, to provide notification of the dispute to the person who furnished the information in dispute and requires the credit reporting agency to "include all relevant information regarding the dispute that the agency received from the consumer." 15 U.S.C. § 1681i(a)(2)(A). In conducting its reinvestigation of disputed information in a consumer report, the credit-reporting agency is required to "review and consider all relevant information submitted by the consumer.

26. The Defendant, credit reporting agency, failed to conduct a reasonable reinvestigation of the inaccuracy that the Plaintiff disputed.

27. The Defendant, credit reporting agency, failed to review and consider all relevant information submitted by Plaintiff

28. The Defendant, credit reporting agency, failed to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information, and file, in violation of 15 U.S.C. § 1681e(b)

29. The Defendant, credit reporting agency, violations of the FCRA were willful and therefore Plaintiff is entitled to seek statutory and punitive damages.

## **DEMAND FOR JURY TRIAL**

30. Plaintiff demands a jury trial on all issues triable to a jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff David Thompson respectfully prays for the following relief:

(a) Actual damages pursuant to 15 U.S.C. § 1681n(a);

(b) Punitive Damages pursuant to 15 U.S.C. § 1681n(a)(2);

(c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§1681n(c) and 1681o(b);

(d) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

(e) All other and further relief as the Court deems necessary, just and proper.

///

///

Dated: September 28, 2017

Respectfully Submitted,

*/s/ Benjamin H. Crumley*
Benjamin H. Crumley
Florida Bar No.: 18284
CRUMLEY & WOLFE, PA
2254 Riverside Ave.
Jacksonville, FL 32204-4620
Telephone: (904) 374-0111
Facsimile: (904) 374-0113
ben@cwbfl.com
*Counsel for Plaintiff*